## UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
## LYNCHBURG DIVISION

| | |
|---|---|
| M.V.E., INC.<br><br>and<br><br>CINCINNATI INSURANCE COMPANY,<br><br>                            Plaintiffs,<br><br>v.<br><br>RSC EQUIPMENT RENTAL, INC.<br>SERVE:  CT Corporation System, Registered Agent<br>4701 Cox Road, Suite 301<br>Glen Allen, Virginia 23060<br>(HENRICO COUNTY)<br><br>and<br><br>LIBERTY MUTUAL INSURANCE COMPANY<br>SERVE:  Corporation Service Company, Registered Agent<br>Bank of America Center, 16th Floor<br>1111 East Main Street<br>Richmond, VA 23219<br>(CITY OF RICHMOND),<br><br>                     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY JUDGMENT

## PRELIMINARY STATEMENT AND
## PROCEDURAL HISTORY

1.      This action is brought pursuant to 28 U.S.C. § 2201, the Federal Declaratory Judgment Act.

2.      On or about September 3, 2008, M.V.E., Inc. was serving as the general contractor on a project to construct a Bojangles restaurant in Rustburg, Virginia.

3.      RSC Equipment Rental, Inc. is in the business of renting equipment for use by contractors such as M.V.E., Inc.

4.      On September 3, 2008, RSC Equipment Rental, Inc. delivered a JLG G6-42A Telescopic Handler to the Bojangles construction site.

5.      On or about September 25, 2008, RSC Equipment Rental, Inc., at MVE, Inc's request, delivered a substitute GEHL RS6-42 model forklift with serial number RS642JW1213554 to the Bojangles construction site in Rustburg, Virginia.  The forklift was delivered, but the agreement for the rental of this substitute forklift was not signed.  (Copies of the rental documents for the GEHL RS6-42 are attached hereto as Exhibit "1.")

6.      On November 24, 2008, the GEHL forklift, while being used by an employee of Commonwealth Mechanical to move a light post, tipped over, resulting in the light post hitting and causing injuries to Joseph Woods, an employee of J & J Paving.

7.      On November 9, 2010, an action was filed in the Circuit Court for the City of Richmond by Joseph Woods naming RSC Equipment Rental, Inc., Bojangles' International, LLC, LAT Land Company, LLC, Mountain Food Services, LLC, and GEHL Company as defendants.  (A copy of this Complaint is attached hereto as Exhibit "2.")

8.      On or about March 4, 2011, the action was transferred to the Campbell Circuit Court.

9.      Upon service of the Woods Complaint, RSC Equipment Rental, Inc., pursuant to the terms of the indemnification language within the RSC Equipment Rental, Inc. contract, tendered the defense of the action to M.V.E., Inc.

10.     At the time of the November 24, 2008 accident and at all times mentioned herein, M.V.E., Inc. was a named insured under a liability policy issued by Cincinnati Insurance Company (hereinafter "Cincinnati").

11.     Cincinnati Insurance Company accepted RSC Equipment Rental, Inc.'s tender of defense with a reservation of rights. Cincinnati's acceptance of the tender reserved the right to assert the indemnification clause in the RSC Equipment Rental, Inc. rental contract violated Code of Virginia § 11-4.1. Cincinnati denied RSC Equipment Rental, Inc.'s tender to the extent it asserted RSC Equipment Rental, Inc. was an additional insured under the policy.

12.     On September 20, 2011, LAT Land Company, LLC's Motion for Summary Judgment was granted, and LAT was dismissed from the action with prejudice.

13.     On November 9, 2012, Bojangles' International, LLC was non-suited from the action.

14.     On June 18, 2013, Mountain Food Services, LLC was non-suited from the action.

15.     On June 18, 2013, GEHL Company was non-suited from the action.

16.     As of the date of the filing of this lawsuit, Joseph Woods' action is proceeding in the Campbell Circuit Court against one defendant, namely RSC Equipment Rental, Inc., based on the alternative counts of negligence and breach of warranty.

17.     At all times mentioned herein, RSC Equipment Rental, Inc. was insured under a liability insurance policy issued by Liberty Mutual Insurance Company.

18.     By this action, Plaintiffs seek a declaration that they owe no obligation to Defendant RSC Equipment Rental, Inc. pursuant to contract or otherwise, for the liability of RSC Equipment Rental, Inc. arising out of claims by Joseph Woods, as more fully described herein.

3

19.    Specifically, M.V.E., Inc. and Cincinnati assert that they owe no obligation under the terms of the rental contract, and further, that the indemnification clause within the RSC Equipment Rental, Inc. contract violates Code of Virginia § 11-4.1.

20.    M.V.E., Inc. and Cincinnati further assert that they owed no obligation to name RSC Equipment Rental, Inc. as an insured under the Cincinnati policy, and that they owe no obligation to RSC Equipment Rental, Inc. under the liability insurance policy issued to M.V.E., Inc.

**JURISDICTION**

21.    The jurisdiction of the Court over this action is conferred by 28 USC § 1332.

22.    The plaintiffs and defendants are diverse, and the amount in controversy exceeds Seventy-Five Thousand dollars ($75,000.00).

**VENUE**

23.    Venue lies in this district pursuant to 28 USC § 1391 because the incident giving rise to the underlying action occurred in Campbell County.

**PARTIES**

24.    Plaintiff M.V.E., Inc. is a Virginia corporation with its principal place of business in Waynesboro, Virginia.

25.    Plaintiff Cincinnati Insurance Company is an Ohio corporation with its principal place of business in Cincinnati, Ohio.

26.    Defendant RSC Equipment Rental, Inc. is an Arizona corporation with its principal place of business located at 6929 East Greenway Parkway, Suite 200, Scottsdale, AZ 85254.

27.     Defendant Liberty Mutual Insurance Company is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.

## STATEMENT OF FACTS
### The RSC Rental Agreement

28.     On September 25, 2008, RSC Equipment Rental, Inc. delivered a RCH Forklift-6000LE40-46 to the site where a Rustburg Bojangles' was being built.  A true and correct copy of the documents regarding this equipment rental are attached hereto as Exhibit "1."

29.     RSC Equipment Rental, Inc. drafted the rental agreement which contained the following indemnification provision:

> **Customer's Indemnification**  Customer agrees to reimburse, indemnify, hold harmless and defend, at Customer's expense, RSC, its subsidiaries, parent company, affiliate companies, and their agents, officers, directors and employees, from and against all losses, liabilities, damages, injuries, demands, costs, expenses (including lawyer and investigative fees), claims, fines, settlements or penalties including, without limitation, bodily injury, death, property damage or other damage arising out of any use of the Equipment, any breach of this Agreement, Customer's violation of any applicable regulations, or improper use, possession, operation, erection, dismantling, servicing, or transport involving the Equipment, Customer's contamination of the Equipment by any party, strict liability or negligence claims arising by any party arising out of any defect in the design, manufacture, warnings, instructions, operation, repair or failure to discover a defect, or incurred by RSC in any manner from this transaction, including claims of or liabilities to third parties.  Customer agrees to present a claim to his insurance carrier for all such expenses and in the event Customer has no insurance to cover such losses, Customer agrees to pay RSC for such losses.

30.     RSC's rental agreement also contained an insurance provision, which provided as follows:

> **Customer Insurance Obligation** Physical Damage to Equipment:  All Customers must provide to RSC, at the time the equipment is rented, a certificate of insurance naming RSC as a loss payee and/or additional

insured on said certificate evidencing coverage for physical damage to the Equipment. Such physical damage insurance covering the Equipment may not be canceled or materially modified except upon twenty (20) days prior written notice to RSC at the branch office identified on this Agreement. In the event of Customer's failure to provide said certificate of insurance at the time the Equipment is rented. Customer will be charged the LDW Insurance fee as set forth in this Agreement. Bodily Injury/Property Damage: Responsibility to Third Parties: In addition to the foregoing physical damage insurance for the Equipment, Customer will at Customer's expense, at all times during the term of this Agreement, maintain in force a commercial general liability insurance policy covering bodily injury/property damage liability on the Equipment in an amount not less than one million dollars ($1,000,000) combined single limit. Such third party liability coverage shall be primary, and not excess or on a contributory basis, and shall provide coverage for liability for injuries and/or damages sustained by any person or persons agents or employees of Customer, and Customer's indemnity obligations herein. Customer agrees to abide by all of the terms and conditions of said insurance. In the event of a loss, Customer, its agents and employees will cooperate fully with RSC and Customer's insurer in the investigation, prosecution and/or defense of any claim or suit arising therefrom and will do nothing to impair or invalidate the applicable insurance coverage. RSC does not waive any claims or rights hereunder. The aforesaid Customer insurance obligation in no way limits Customer's ultimate liability hereunder. RSC does not provide, extend or afford any insurance coverage to Customer, any passenger, or any Authorized Operator of the Equipment under this Agreement. If there is other valid and collectible liability protection or insurance on any basis available to Customer or any other person, and such protection or insurance satisfies the financial responsibility laws, then no liability protection is afforded by RSC. However, if Customer is in compliance with the terms and conditions of this Agreement, and if RSC is determined by law to provide liability protection to any Customer or Authorized Operator, such liability protection shall be limited to the minimum financial responsibility limits of the province in which the Equipment is operated if any such laws are applicable to the operation of the Equipment. RSC's financial responsibility is expressly limited to only those applicable provision of the financial responsibility laws of the state in which the Equipment is operated if any such laws are applicable to the operation of the Equipment. RSC's financial responsibility, unless law requires, does not extend to (a) injuries to the Customer, driver, or

6

passenger while riding in, alighting from, entering or on the Equipment; (b) liability imposed upon or assumed by anyone under any worker's compensation act, plan or contract; (c) any property owned by or rented by or in the care, custody, or control of the Customer, Power of Attorney: Customer hereby grants and appoints to RSC a Limited Power of Attorney to present insurance claims for property damage to Customer's insurance carrier if the Equipment is damaged during the term of the rental Agreement and to endorse Customer's name on insurance payments for charges or damages.

31.     M.V.E., Inc. obtained and provided to RSC Equipment Rental, Inc. a certificate of insurance disclosing the existence of commercial general liability coverage.  The commercial general liability policy was issued by Cincinnati Insurance Company, and named M.V.E., Inc. as an insured.  RSC Equipment Rental, Inc. was not entitled to insured status under the Cincinnati policy.

32.     M.V.E., Inc. also obtained an umbrella liability policy from Cincinnati in the amount of Five Million dollars ($5,000,000.00).  This umbrella policy named M.V.E., Inc. as an insured, but did not name RSC Equipment Rental, Inc.  RSC Equipment Rental, Inc. was not otherwise entitled to insured status under this Cincinnati umbrella policy.

**Underlying Action by Joseph Woods and Claim for Defense/Indemnity
by RSC Equipment Rental, Inc.**

33.     On November 24, 2008, Joseph Woods, as an employee of J & J Paving, was installing a driveway as part of the construction of a Bojangles' Restaurant in Rustburg, Virginia.

34.     While working at the construction site on November 28, 2008, Joseph Woods was hit in the head by a light post and seriously injured by the same.

35.     J & J Paving compensated Mr. Woods pursuant to the Virginia Workers' Compensation Act, but otherwise possessed tort immunity pursuant to Virginia law.

36.    Joseph Woods filed suit on November 9, 2010 in the Circuit Court for the City of Richmond naming RSC Equipment Rental, Inc., Bojangles' International, LLC, LAT Land Company, LLC, Mountain Food Services, LLC, and GEHL Company.

37.    Upon service of the lawsuit, RSC Equipment Rental, Inc. thereafter made a demand upon M.V.E., Inc. to defend and indemnify RSC Equipment Rental, Inc. pursuant to the terms of the rental agreement.

38.    Cincinnati, on behalf of M.V.E., Inc., agreed to defend and indemnify RSC Equipment Rental, Inc. to the extent it was required to do so.  This acceptance of the tender was done with a reservation of rights to assert that the indemnification clause set forth in the rental agreement violated the company indemnification statute set forth in Code of Virginia § 11-4.1. Within this acceptance, Cincinnati refused to defend RSC Equipment Rental, Inc. as an additional insured under the policy, as there was no such obligation required by the rental agreement.

39.    At this time, the trial in the underlying action is scheduled for September 2014. In advance of trial, M.V.E., Inc. and Cincinnati hereby seek a declaration of the obligations and rights owed RSC Equipment Rental, Inc. pursuant to the rental contract.

## CLAIMS FOR RELIEF
## COUNT I

### For Declaratory Judgment in Favor of M.V.E., Inc. and Cincinnati Insurance Company Respecting Enforceability of the Contractual Indemnification Provision

40.    Neither M.V.E., Inc. nor Cincinnati owe an enforceable indemnity obligation to RSC Equipment Rental, Inc.  In that regard, the following indemnification provision contained in the RSC Equipment Rental, Inc. rental contract is void and unenforceable pursuant to Code of Virginia § 11-4.1:

**Customer's Indemnification**  Customer agrees to reimburse, indemnify, hold harmless and defend, at Customer's expense, RSC, its subsidiaries, parent company, affiliate companies, and their agents, officers, directors and employees, from and against all losses, liabilities, damages, injuries, demands, costs, expenses (including lawyer and investigative fees), claims, fines, settlements or penalties including, without limitation, bodily injury, death, property damage or other damage arising out of any use of the Equipment, any breach of this Agreement, Customer's violation of any applicable regulations, or improper use, possession, operation, erection, dismantling, servicing, or transport involving the Equipment, Customer's contamination of the Equipment by any party, strict liability or negligence claims arising by any party arising out of any defect in the design, manufacture, warnings, instructions, operation, repair or failure to discover a defect, or incurred by RSC in any manner from this transaction, including claims of or liabilities to third parties.  Customer agrees to present a claim to his insurance carrier for all such expenses and in the event Customer has no insurance to cover such losses, Customer agrees to pay RSC for such losses.

41.     Cincinnati and M.V.E., Inc. request that this Court find the above-referenced indemnification provision in the rental contract violates Code of Virginia § 11-4.1, and neither M.V.E., Inc. nor Cincinnati are obligated to provide a defense or indemnification to RSC Equipment Rental, Inc. based on this provision.

42.     No basis in law exists for the enforcement of the indemnity provision, and M.V.E., Inc. and Cincinnati Insurance Company are entitled to a declaration of the foregoing as a matter of fact and law.

## COUNT II

### For Declaratory Judgment in Favor of M.V.E., Inc. and Cincinnati Insurance Company Respecting Insurance Procurement Obligation

43.     M.V.E., Inc. obtained a primary commercial general liability insurance policy in the amount of One Million dollars ($1,000,000.00) with Cincinnati.

9

44.    The rental agreement did not require that RSC Equipment Rental, Inc. be named as an additional insured under the commercial general liability policy issued to M.V.E., Inc.

45.    M.V.E., Inc. and Cincinnati are entitled to a declaration that there was no obligation for M.V.E., Inc. to name RSC Equipment Rental, Inc. as an additional insured under the commercial general liability policy.

## COUNT III

### For Declaratory Judgment in Favor of M.V.E., Inc. and Cincinnati Insurance Company Respecting Alleged Obligations Owed to RSC Equipment Rental, Inc. Independent of the Rental Contract

46.    Neither M.V.E., Inc. nor Cincinnati owe any obligation to RSC Rental Equipment, Inc. beyond the written rental agreement.  M.V.E., Inc. and Cincinnati are entitled to a declaration of the foregoing as a matter of fact and law.

## COUNT IV

### For Declaratory Judgment in Favor of M.V.E., Inc. and Cincinnati Insurance Company Respecting the Absence of Additional Insured Status of RSC Equipment Rental, Inc.

47.    Cincinnati does not owe any obligation to RSC Equipment Rental, Inc. under the Cincinnati policy for RSC Equipment Rental, Inc.'s liability in the Joseph Woods matter.

48.    The rental agreement did not obligate M.V.E., Inc. to obtain excess or umbrella coverage such as that afforded M.V.E., Inc. under the Cincinnati policy, and M.V.E., Inc. was not obligated to name RSC Equipment Rental, Inc. as an additional insured under the commercial general liability insurance policy.

49.    No basis in law exists for additional insured status on the commercial general liability insurance policy on the part of RSC Equipment Rental, Inc., and M.V.E., Inc. and Cincinnati are entitled to a declaration of the foregoing as a matter of fact and law.

## PRAYER FOR RELIEF

WHEREFORE, M.V.E., Inc. and Cincinnati Insurance Company respectfully request that this Court:

1.      Issue a judgment declaring that the indemnification clause contained in the rental contract is void, as against Code of Virginia § 11-4.1.

2.      Issue a judgment declaring that no obligation is owed by M.V.E., Inc. or Cincinnati Insurance Company to RSC Equipment Rental, Inc. and/or its carriers in any amount or on any basis.

3.      Issue a judgment declaring there was no obligation for M.V.E., Inc. to name RSC Equipment Rental, Inc. as an additional insured under the commercial general liability policy.

4.      Grant such additional or other further relief at the Court deems just and proper.

Respectfully submitted this _10th_ day of January, 2014.

Terry Lynn, Esq. (VSB No. 39926)
Law Offices of Terry Lynn PLLC
695 Bent Oaks Drive
PO Box 374
Earlysville, VA 22936
Phone: (434) 964-9152
Fax: (434) 964-9275

M:\Woods v. RSC\Complaint for Declaratory Judgment.docx